## HAGEN v. JOHNSON.

JUSTICES OF THE PEACE—GARNISHMENT — NOTICE TO CLAIMANT—
JURISDICTION.

Under 1 Comp. Laws 1897, § 1017, providing that, on dis-
closure by a garnishee in justice's court of the claim of a
third party to the fund, and on payment of the fund into
court, the justice shall cause notice to be served on such
claimant to appear and maintain his claim, and for that pur-
pose may, "on the return day of the garnishment suit,"
adjourn the cause for not less than 10 nor more than 30 days,
the justice has no jurisdiction to issue such notice after
the expiration of 30 days from the return day of the original
garnishee summons, even though the delay is occasioned
by the fact that the money, not being due, was not paid to
the justice within that period.

Error to Gogebic; Haire, J.   Submitted April 18, 1901.
Decided May 21, 1901.

Garnishment proceedings in justice's court by Charley
Johnson against the Dunn Iron Mining Company, as
garnishee of Charles Bjork.   Iver H. Hagen and Carl L.
Solberg, copartners as Hagen & Solberg, were inter-
pleaded as claimants of the fund, and, from a judgment
against them, took a special appeal to the circuit court,
where the decision of the justice was reversed.   Plaintiff
brings error.   Affirmed.

*Curtis Buck* (*Julius J. Patek* and *John W. McGrath*,
of counsel), for appellant:

The claimants' notice was issued in the present case as
soon as it was legally issuable.   1 Comp. Laws 1897, §
1012; *Stone* v. *Dowling*, 119 Mich. '476 (78 N. W. 549).

*Herb. M. Norris*, for claimants.

LONG, J.   It appears that Charley Johnson commenced
suit against Charles Bjork in justice's court, and on the

same day caused a garnishment to issue against the Dunn Iron Mining Company. On the return day of the garnishee summons, the garnishee defendant, the Dunn Iron Mining Company, disclosed that at the time of the service it was indebted to Bjork, the principal defendant, in the sum of $45, which would become due and payable August 20, 1900, and $4, which would become due September 20th, the same year. It further disclosed that Hagen & Solberg, copartners, claimed to own said moneys by virtue of an assignment from the principal defendant. The justice thereupon adjourned the case until September 20th, the date upon which the last payment would become due to the principal defendant. On that day the cause was again adjourned, at the request of the plaintiff, until September 25th. On that day the garnishee defendant deposited with the justice the whole amount it claimed to be due from it to the principal defendant, to wit, the sum of $52.75, and thereupon requested the justice to issue notice to Hagen & Solberg to appear before him on October 25th, at 1 o'clock in the afternoon, to show their claim to said fund. On October 25th the claimants, Hagen & Solberg, appeared and protested, and claimed that the justice had lost jurisdiction, for the reason that the notice to them was not issued within 30 days from the return day of the original garnishee summons. The justice overruled the claimants' motion to quash the proceedings. The claimants declined to proceed further, and the justice thereupon rendered judgment against them in respect to their claim for the money. Claimants took a special appeal to the circuit court, setting out in the affidavit for special appeal that the justice erred in holding that he had jurisdiction. The circuit court reversed the judgment of the justice. Plaintiff brings error.

The errors assigned are that the court erred in entertaining the special appeal, because the claimants voluntarily failed and neglected to declare against the money, and voluntarily permitted judgment to be rendered against them in respect to said money. We think these contentions cannot be sustained. The judgment of the justice

was properly reversed. The money was deposited with the justice on September 25th by the garnishee defendant, who was discharged by such deposit. The statute (section 1017,1 Comp. Laws 1897) provides that:

"The garnishee may deliver such money * * * to the justice, who shall cause to be served on such claimant a written notice to appear in said court and maintain his said claim. Such notice shall contain the name of the parties to the principal and garnishee suits, the name and place of residence of the justice, the return day or adjourned day of the garnishee suit. * * * For the purpose of giving an opportunity of serving the notice above provided, it shall be the duty of the justice, on the return day of the garnishment suit, if requested by the garnishee, to adjourn such suit not less than ten or more than thirty days. * * * The claimant shall appear in the suit on the return or adjourned day named in the notice served upon him," etc.

It appears that the garnishee summons was returnable on August 13th. The garnishee appeared and disclosed on that day that Hagen & Solberg claimed to own the moneys by assignment from the principal defendant. The garnishee cause was then adjourned to September 20th, and on motion of plaintiff again adjourned to September 25th, when the moneys were deposited by the garnishee with the justice, and notice to claimants issued. The statute requires this notice to be served at least 10 days before the return or adjourned day of the garnishment suit. The last day of the adjournment of the garnishee suit, as appears by the record, was September 25th, and the notice was not served until after that time, though the disclosure was made that the money was claimed by the claimants on August 13th. We think the justice lost jurisdiction of the cause by reason of this delay, and that the circuit court properly reversed the judgment of the justice. This is a special proceeding under the statute, and the statute must be followed.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.